INQUIRY COMMISSION,
Complainant,

v.

David W. WILLIAMS, Respondent.

No. 2004–SC–0740–KB.

Supreme Court of Kentucky.

Jan. 20, 2005.

---

1. 759 S.W.2d 61 (Ky.1988).

## OPINION AND ORDER

Pursuant to SCR 3.165, the Inquiry Commission petitions this Court to enter an order temporarily suspending Respondent from the practice of law in the Commonwealth of Kentucky. The Inquiry Commission alleges that probable cause exists to believe that Respondent, David W. Williams, whose last known bar roster address is Simpsonville, Kentucky, and who was admitted to the practice of law in this Commonwealth on May 6, 1983, has misappropriated client funds for his own use or has otherwise improperly dealt with client funds. SCR 3.165(1)(a).

During the course of representing Birdie A. Morris in the Shelby Circuit Court, case *Hallie T. Morris v. Birdie A. Morris,* 03–CI–00337, Williams received from Morris the sum of $110,000 to attempt a settlement of the case. The funds were deposited into Williams' escrow account on July 17, 2003. Following said deposit, the balance of the escrow account was $110,680.03. On July 18, 2003, a $3,300 check drawn on the escrow account to the Internal Revenue Service bearing Williams' social security number cleared. On the same day, a second check for $493.65 to Pioneer Credit also cleared the escrow account.

On September 4, 2003, the Shelby Circuit Court ordered Birdie Morris to pay $119,379.70 into the court under CR 67.02, pending entry of final judgment in the case. On October 2, 2003, the Shelby Circuit Court ordered Williams to pay into the Shelby Circuit Clerk's segregated interest bearing account any and all sums which he held in his escrow account related to the Morris case. A check Williams subsequently issued to the circuit clerk in the amount of $110,000 was returned for non-sufficient funds. A copy of the check and non-sufficient funds notice, as well as an affidavit from Shelby Circuit Judge William Stewart are attached to the Commission's petition.

In a second unrelated matter, WISPNET, LLC, a wholesale internet provider, retained Williams to represent it in lease negotiations with the Webb Companies for office space in the Lexington Financial Center (LFC). After paying Williams $2,300 to review a contract, WISPNET

paid him an additional retainer fee of $5,600. There was no written fee agreement.

Based upon Williams' recommendation that WISPNET deposit the amount of one month's rent into his escrow account to show the Webb Companies that it was negotiating in good faith, WISPNET provided Williams a check in the amount of $12,800. Williams thereafter sent a letter to the Webb Companies stating, "[P]lease be advised that WISPNET, LLC has provided me with a check for the base rent of $12,800.00, which sum I have escrowed and will pay over to LFC forthwith upon agreement being reached."

After an agreement was reached between WISPNET and the Webb Companies, Williams was requested to forward the escrowed funds as agreed. Williams then informed WISPNET that he had applied the escrowed funds toward his legal fees, although he did not provide an accounting of either the $5,600 retainer or the escrowed money.

On October 29, 2003, WISPNET's new legal counsel sent a letter to Williams requesting the return of the $12,800. Williams neither replied nor disbursed any funds to WISPNET or the Webb Companies.

Williams essentially admits all the allegations with the exception that he denies that he was requested to forward the escrowed funds to the Webb Companies. Williams contends, without any written documentation, that in April 2003, WISPNET agreed to credit the $12,800 against Williams' retainer for representation during the ensuing months. Williams states that he did not respond to WISPNET's request for a return of the money based upon the alleged April agreement.

After a review of the Inquiry Commission's Petition for Temporary Suspension and the documentation supporting the petition, this Court finds probable cause to believe that Williams "is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds[.]" SCR 3.165(1)(a).

ACCORDINGLY, IT IS THEREFORE ORDERED THAT:

1) David W. Williams is temporarily suspended from the practice of law in the Commonwealth effective this date and until this order is superseded by subsequent order.

2) If it has not already done so, the Inquiry Commission shall initiate disciplinary proceedings against Williams pursuant to SCR 3.160 unless he resigns under terms of disbarment.

3) Pursuant to SCR 3.165(5), Williams shall, within twenty (20) days of the date of entry of this order, notify in writing any and all clients of his inability to continue to represent them and shall furnish copies of such written notifications to the Director of the Kentucky Bar Association.

4) Pursuant to SCR 3.165(6), Williams shall, to the extent reasonably possible, immediately cancel and cease any and all advertising activities in which he is engaged.

All concur.

Entered: January 20, 2005.

/s/ Joseph E. Lambert
CHIEF JUSTICE